

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. WEEMS, | ] | |
| Plaintiff, | ] ] ] | |
| vs. | ] | CV-01-N-0602-S |
| AMSOUTH BANCORPORATION, ET AL., | ] ] ] ] | |
| Defendants. | ] | |

**ENTERED**

**FEB 0 4 2002**

### Memorandum

### I. Introduction

The court has for consideration defendant AmSouth Bancorporation's ("AmSouth") motion for a stay and to compel arbitration, filed December 5, 2001 [Doc. # 42]. The issues have been briefed by both parties and are ripe for consideration. Upon due consideration, the motion will be granted.[1]

### II. Discussion

Plaintiff Weems filed the present case on January 29, 2001, in the Circuit Court of Jefferson County, Alabama. Weems alleged, *inter alia*, that he and AmSouth entered into a contract whereby AmSouth loaned him the money for the purchase of his home, retaining a mortagage on the property. Compl. at para. 1. He further alleged that a second contract was later executed by the two in which AmSouth extended further credit to him in the form of an equity line of credit. Compl. at 3. Weems asserted a number of claims against

---

[1] To the extent that, within its motion, AmSouth has moved this court to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the motion is denied.



AmSouth, all of which apparently arise out of the alleged reporting of information by AmSouth regarding Weems' credit history with AmSouth to credit reporting agencies. These claims include negligence, wantonness, slander of title, breach of the covenant of good faith and fair dealing, defamation, impairment of credit, libel per se, harassment, fraud and constructive fraud, as well as a breach of contract claim and a claim under the Fair Credit Reporting Act, 15 U.S.C. 1681-93 (2001).

In its motion to compel arbitration, AmSouth asserts that both of the contracts into which it entered with Weems contain arbitration clauses that cover the claims in the present action. The arbitration clause in the note, which is part of the financing agreement, reads:

> Subject to the provisions of the next paragraph below, any controversy, claim, dispute or disagreement arising out of, in connection with, or relating to (1) the interpretation, negotiation, execution, collateralization, administration, repayment, modification, or extension of this note or any assignment thereof; (2) any charge or costs incurred pursuant to this note; (3) the collection of any amounts due under this note or any assignment thereof; (4) an alleged tort relating in any way to this note, collateral under this note or any insurance or mechanical repair contract purchased pursuant to this note; or (5) any breach of any provision of this note shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . . . All parties to this note specifically acknowledge and agree that this note evidences a "transaction involving commerce" under the Federal Arbitration Act, and each party to this note hereby waives and . . . relinquishes any right to claim otherwise.

Eubank Aff. at Ex. A.. The credit agreement that pertains to the equity line of credit extended by AmSouth to Weems contains the following arbitration clause:

> Any controversy, claim, dispute or disagreement arising out of or relating to this Agreement or your Account shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Judgment upon any award rendered by the arbitrator(s) in any such arbitration may be entered in any Court having jurisdiction thereof. . . . You and we specifically acknowledge and agree that this Agreement evidences, and your Account is,

>a "Transaction" involving "commerce" under the Federal Arbitration Act, and
>you and we both hereby waive and relinquish any right to claim otherwise.

Fewell Aff. at Ex. A.

Weems does not argue that his claims are not covered by the two arbitration clauses quoted above. Instead, he argues that particular equities weigh against the granting of AmSouth's motion. Particularly, he argues that AmSouth's motion is precluded by: (1)Rules 8 and 12, Fed. R. Civ. P.; (2) AmSouth's waiver of the right to compel arbitration; (3) this court's order to the parties to engage in mediation; and (4) the fact that a stay of the proceedings "would cause undue delay in the resolve of this action, as well as cause the parties to incur such expenses as would otherwise not be applicable in such a resolve." Pla.'s Objection to Def.'s Mot.

Weems' initial assertion that Rules 8 and 12, Fed. R. Civ. P., preclude AmSouth's motion appears to be based on his treatment of AmSouth's Notice of Removal, filed March 8, 2001, as its initial responsive pleading. He fails, however, to support this assertion with any authority. As to any potential bar created by Rule 8, the court notes that Rule 8(c) begins: "In pleading to a preceding pleading . . . ." AmSouth has not pled to a preceding pleading in this case, not having filed an answer to the complaint as contemplated by Rule 8. As to the application of Rule 12 to these proceedings, the right to arbitration asserted by AmSouth does not appear to be implicated by any of the defenses listed therein. At any rate, to the extent that Rules 8 and 12 are applicable to the present motion, Weems has failed to articulate the basis therefor. As Judge Posner has stated, "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is a good point

despite a lack of supporting authority or in the face of contrary authority, forfeits the point. . . . We will not do his research for him." *U.S. v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990) (Posner, J.) (citations omitted).

Weems' second asserted ground upon which this court should deny AmSouth's motion, that AmSouth has waived the right to compel arbitration, is equally without merit. Binding precedent in this circuit has declared that "[t]he burden on one seeking to prove a waiver of arbitration is a heavy one," *Sibley v. Tandy Corp.*, 543 F.2d 540, 542 (5th Cir. 1976). However, the Eleventh Circuit has also noted that "the doctrine of waiver is not an empty shell." *Morewitz v. West of Eng. Ship Owners Mut. Protection and Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995). According to that Court, "Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." *Id.*

Weems' only argument in favor of a finding of waiver is the fact that AmSouth did not seek to have arbitration compelled until a little over ten months after suit was filed. Cutting against Weems is the fact that he has cited absolutely no prejudice that he has suffered as a result of AmSouth's delay in filing the present motion. Indeed, Weems does not challenge AmSouth's representation that its participation in the litigation of this matter is minimal at best: AmSouth has not filed an answer, did not participate in the Parties' Planning Meeting; has not participated in or initiated any discovery proceedings, and has not filed any motions.[2] Moreover, it appears that Weems was twice put on notice that AmSouth intended

---

[2] This, of course, is not to say that there has been no activity in this case whatsoever, as there are five other defendants, none of whom are party to the present motion.

to file a motion to compel arbitration. In a letter to counsel dated April 26, 2001, counsel for AmSouth stated that it "opted not to participate in the Parties' Planning Meeting ... because it anticipate[d] filing a motion to compel arbitration." Further, the June 25, 2001, Report of the Parties' Planning Meeting noted that counsel for AmSouth had not appeared on its behalf "due to demand for arbitration." Weighing the equities here presented, it appears to the court that AmSouth has not waived its right to compel arbitration.[3] Weems has simply failed to carry his burden.

Weems' third and fourth assertions are similarly without merit. In fact, the court does not pause long to consider these arguments as Weems has failed to support them. As to the third ground, that the court has entered an order requiring the parties to mediate, the court fails to see how its order dictates a denial of AmSouth's motion. As to the fourth ground, that a stay of the proceedings "would cause undue delay in the resolve of this action, as well as cause the parties to incur such expenses as would otherwise not be applicable in such a resolve," Weems has failed to demonstrate how he would suffer undue delay and otherwise inapplicable expense should this court compel arbitration. To the

---

[3] Indeed, as the Fifth Circuit has noted,

> While it is true that [defendant] waited almost eight months before moving that the district court proceedings be stayed pending arbitration, and, in the meantime, participated in discovery, this and other courts have allowed such actions as well as considerably more activity without finding that a party has waived a contractual right to arbitrate. . . . *General Guaranty Insurance Co. v. New Orleans General Agency Inc.*, 427 F.2d 924 (5th Cir. 1970) (not waiver when moving party filed answer denying liability and counterclaims, attempted to implead parties, and allowed taking of two depositions before demanding arbitration); *J. & S. Construction Co., Inc. v. Travelers Indemnity*, 520 F.2d 809 (1st Cir. 1975) (defendant answered, demanded jury trial, answered interrogatories, permitted depositions, and waited thirteen months to move for stay without waiving right to arbitrate) . . . .

*Tenneco Resins, Inc. v. Davy International, AG*, 770 F.2d 416, 420-21 (5th Cir. 1985).

extent that he would, however, the court fails to see how such is a defense to a properly supported motion to compel arbitration. Certainly, Weems has failed to present even a citation to applicable case or statutory law that would support his argument.

### III.  Conclusion

Based on the foregoing, the court finds that AmSouth's motion to stay and compel arbitration is due to be granted. An appropriate order will be entered.

Done, this 4th of February, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE